UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                          2:12-cr-81-FtM-29DNF

MARK WILLIAM TROEDEL, JR.
_____

**<u>OPINION AND ORDER</u>**

This matter comes before the Court on defendant's Motion to Vacate Order of Detention (Doc. #26) filed on August 24, 2012. The transcript of the arraignment, at which a detention hearing was denied, was filed (Doc. #33), as well as a Memorandum (Doc. #37) by defendant and a Response (Doc. #38).

Defendant Mark William Troedel, Jr. (defendant or Troedel) was named in a two-count federal Indictment (Doc. #1). Because defendant was then confined in the Collier County Jail, the United States Attorney filed a Petition for Writ of Habeas Corpus Ad Prosequendum (Doc. #5) seeking custody of defendant until completion of all proceedings in the federal case. A Writ (Doc. #7) was issued directing defendant to be brought to federal court on the charge in the Indictment, to be returned to the Collier County Jail "upon completion of all further proceedings in this case." At the arraignment, the government did not move for detention but the magistrate judge declined to hold a detention hearing, finding it would be futile since defendant was in state custody on unrelated charges. The magistrate judge agreed to hold

a detention hearing if defendant resolved his state custody status. (Doc. #33.)  The Order of Detention Pending Trial (Doc. #21) stated:  "The Defendant is not currently eligible for release due to pending matters in another jurisdiction; to wit, the Defendant is appearing by writ from State custody where he has failed to make bond on State charges. A motion for conditions of release and a detention hearing may be filed should the defendant post bond on the State charges."  In this appeal, defendant argues that he was entitled to a detention hearing and release on conditions.

Upon defendant's appearance before a judicial officer, the judicial officer is required to issue an order providing for one of four release or detention options.  18 U.S.C. § 3142(a).  One of these options is that defendant be "detained under subsection (e) of this section."  18 U.S.C. § 3142(a)(4).  Subsection (e) allows detention under certain circumstances "after a hearing pursuant to the provisions of subsection (f) of this section."  18 U.S.C. § 3142(e)(1).  Subsection (f) requires that "[t]he judicial officer shall hold a hearing" to determine whether the conditions for an order of detention have been satisfied.  18 U.S.C. § 3142(f).

In this case, defendant's presence in federal court was obtained by a writ of habeas corpus ad prosequendum.  "The law is clear in this Circuit that, if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary . . . A

writ of habeas corpus ad prosequendum is only a 'loan' of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction." Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir. 1980). Nothing in the statute disqualifies such a person from receiving a detention hearing. United States v. Butler, 165 F.R.D. 68, 70 (N.D. Ohio 1996); United States v. Hayes, No. CR-07-45-HE, 2007 WL 708803 (W.D. Okla. March 2, 2007). Other cases have referred to a detention hearing having been held in such situations without adverse comment. E.g., United States v. Forrest, 402 F.3d 678 (6th Cir. 2005); Headspeth v. Conley, 126 F. Supp. 2d 1004 (S.D. W. Va. 2001).

The Court concludes that defendant is entitled to a hearing on the issue of release or detention, and if detention is sought, to a detention hearing under § 3142(f). The Court expresses no opinion as to whether defendant should be detained or released, only that he is entitled to a hearing to address the issues.

Accordingly, it is now

**ORDERED**:

1. Defendant's Motion to Vacate Order of Detention (Doc. #26) is **GRANTED** in part to the extent that defendant is entitled to a hearing to determine release or detention, and is otherwise **DENIED**.

2. The Order of Detention Pending Trial (Doc. #21) is **VACATED**.

   3.  The matter is **recommitted** to the magistrate judge to have a hearing/detention hearing as to defendant's release on conditions or detention as to the federal charges.

   **DONE AND ORDERED** at Fort Myers, Florida, this __9th__ day of October, 2012.

                                        _____
                                        JOHN E. STEELE
                                        United States District Judge


Copies:
U.S. Magistrate Judge
Counsel of Record